IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Nos. 3:13-cr-00150-MO-1 |
| v. | 3:17-cr-00439-MO-1 |
| **JOSEPH CEPHUS AUSTIN, JR.,** | OPINION AND ORDER |
| Defendant. | |

**MOSMAN, J.,**

This matter comes before me on Defendant Joseph Cephus Austin Jr.'s Motion to Reduce Sentence, which he filed under both the above case numbers. Specifically, Mr. Austin moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In minute orders, I DENIED Mr. Austin's motions. I write here to explain why.

## DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A defendant must exhaust administrative remedies before moving the court for compassionate release. *Id.* Mr. Austin asserts that he has exhausted

1 – OPINION AND ORDER

his administrative remedies, and the Government does not contest his assertion. *See* Exs. to Mot. to Reduce Sentence [ECF 38], No. 3:17-cr-00439-MO, Ex. 2.

Mr. Austin is a 69-year-old man who suffers from hypertension, hepatitis C, chronic back pain, delusional disorder, stimulant use disorder, opioid use disorder, and schizophrenia. Mot. to Reduce Sentence [ECF 34], No. 3:17-cr-00439-MO, at 1. According to the Centers for Disease Control and Prevention ("CDC"), hypertension is the most concerning of Mr. Austin's ailments, as those who suffer from hypertension might be at an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 22, 2021). And it is commonly understood that the risk of severe illness from the virus increases with age.

Despite his various health conditions and age, the current conditions at FCI Sheridan suggest that Mr. Austin does not have an extraordinary and compelling reason for a sentence reduction. Among inmates, the number of active COVID-19 cases currently reported is zero. COVID-19 Update, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 8, 2021). Additionally, vaccination efforts are underway. *Id.* (click "Learn more about vaccinations and view individual facility stats"); *see also* Gov't's Resp. [ECF 40], No. 3:17-cr-00439-MO-1, at 10–11.

Even assuming Mr. Austin has shown extraordinary and compelling reasons for a sentence reduction, I must also consider applicable factors under 18 U.S.C. § 3553(a) to determine whether a sentence reduction is warranted. Among other considerations, I must consider the need for the sentence "to promote respect for the law," "to provide just punishment

2 – OPINION AND ORDER

for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)–(C).

Mr. Austin is serving a combined 130-month sentence for (1) conspiracy to distribute and possess with the intent to distribute controlled substances, and (2) a violation of the terms of supervised release. Mot. to Reduce Sentence [ECF 34], No. 3:17-cr-00439-MO, at 3. He is incarcerated at Sheridan FCI and is not set to be released until September 13, 2026. *Id.* at 2. He has served just over a third of his sentence. *Id.* Mr. Austin has an extensive criminal history that stretches back over 50 years. PSR [ECF 25], No. 3:17-cr-00439-MO-1, ¶ 41–66. That history includes several violations of terms of supervision. *See id.* ¶¶ 54–55, 57, 59, 66. Considering his criminal history, including his history of failing to comply with court-ordered supervision, along with the low percentage of time served for his current offenses, I find the applicable factors set forth in § 3553(a) weigh heavily against granting Mr. Austin's request for compassionate release.

## CONCLUSION

For the foregoing reasons, I DENY Mr. Austin's Motion to Reduce Sentence [ECF 34] in No. 3:17-cr-00439-MO-1 and his Motion to Reduce Sentence [ECF 64] in No. 3:13-cr-00150-MO-1.

IT IS SO ORDERED.
DATED this 9th day of March, 2021.

MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER